1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7
8

BRANDON MOLANDER,

Plaintiff,

9

v.

10

GOOGLE LLC,

11

Defendant.

12

Case No. 5:20-cv-00918-EJD

**ORDER GRANTING DEFENDANT'S MOTION TO STAY**

Re: Dkt. No. 35

13          Before the Court is Defendant Google's motion to dismiss, transfer, or stay.  Having

14    considered the Parties' papers, the Court **GRANTS** Defendant's motion to stay.[1]

15    **I.      BACKGROUND**

16          Plaintiff (as part of the same putative class) has already litigated the claims asserted in this

17    action.  Plaintiff is represented by Ahdoot & Wolfson, PC and Carey Rodriguez Milian Gonya

18    LLP ("AWCR").  More than four years ago, AWCR began filing a series of lawsuits alleging that

19    Defendant violated the Illinois Biometric Information Privacy Act ("BIPA") in connection with

20    Google Photos service.  In March 2016, AWCR filed two cases in the Northern District of

21    Illinois—*Rivera v. Google LLC*, No. 1:16-cv-02714 and *Weiss v. Google Inc.*, No. 1:16-cv-2870.

22    Those cases were consolidated (the "*Rivera* Federal Action").  In the *Rivera* Federal Action, the

23    plaintiffs alleged that Google Photos, a service that allows users to store and organize their digital

24    photos, collected and stored their biometric data in violation of BIPA.  Like Plaintiff, the *Rivera*

25    plaintiffs sought to represent a class of persons "who had their biometric identifiers, including

26

27    _____
      [1] Pursuant to N.D. Cal. Civ. L.R. 7-1(b), this Court finds this motion suitable for consideration
      without oral argument.

28    Case No.: 5:20-cv-00918-EJD
      ORDER GRANTING DEFENDANT'S MOTION TO STAY
                                      1

*United States District Court*
*Northern District of California*

1 scans of face geometry, collected, captured, received, or otherwise obtained by Google from

2 photographs uploaded within the state of Illinois." *See* Declaration of Sunita Bali in Support of

3 Google LLC's Motion to Dismiss ("Bali Decl."), Ex. A, Dkt. 35-2 (comparing complaints). Also,

4 like Plaintiff, the *Rivera* plaintiffs sought statutory damages, equitable relief, and attorneys' fees

5 and costs. *Id.*

6 The *Rivera* Federal Action was extensively litigated. Google first moved to dismiss the

7 *Rivera* Federal Action on statutory and constitutional grounds. In a 30-page opinion, the district

8 court (Hon. Edmond E. Chang) denied Google's motion to dismiss. *Rivera v. Google Inc.*

9 ("*Google I*"), 238 F. Supp. 3d 1088 (N.D. Ill. 2017). The parties then embarked on 11 months of

10 intensive fact discovery closely supervised by Judge Chang, which included more than 150 written

11 discovery requests, the exchange of more than 300,000 pages of documents, and the depositions of

12 multiple individuals and corporate representatives on highly technical topics related to the

13 operation of Google Photos and the feasibility of limiting features by geographic region to comply

14 with BIPA. *See* Bali Decl. ¶ 3. More than two years after the *Rivera* Federal Action was filed,

15 fact discovery closed. Thereafter, on December 27, 2018, Judge Chang granted Defendant

16 Google's motion for summary judgment on the ground that the plaintiffs could not show they

17 suffered an injury-in-fact sufficient to confer Article III standing. *Rivera v. Google Inc.* ("*Google*

18 *II*"), 366 F. Supp. 3d 998 (N.D. Ill. 2018). The plaintiffs subsequently appealed Judge Chang's

19 Article III ruling to the Seventh Circuit Court of Appeals. Defendant Google cross-appealed,

20 arguing that the case should be dismissed because plaintiffs failed to state a claim upon which

21 relief could be granted. Both appeals remain pending. *See Rivera v. Google LLC*, No. 19-1182

22 (7th Cir.).

23 On May 24, 2019—just a few months after appealing Judge Chang's decision to the

24 Seventh Circuit—AWCR filed *Rivera v. Google LLC*, No. 2019-CH-00990 (Ill. Cir. Court, Cook

25 Cty.) (the "*Rivera* State Action") in Illinois state court. The named plaintiff in the *Rivera* State

26 Action is the same as the *Rivera* Federal Action, and the claims alleged are the same. *See* Bali

27 Decl., Ex. A. Due to the duplication, the Illinois court stayed the *Rivera* State Action. AWCR

28 Case No.: 5:20-cv-00918-EJD
ORDER GRANTING DEFENDANT'S MOTION TO STAY

United States District Court
Northern District of California

1    then filed another action in Illinois state court on September 26, 2019.  *See Azzano v. Google,*

2    *LLC*, No. 2019-CH-11153 (Ill. Cir. Court, Cook Cty.) ("*Azzano*").  While the named plaintiff is

3    different, like the two *Rivera* actions, the *Azzano* action raises the same claims, based on the same

4    subject matter, against the same defendant.  Indeed, the *Azzano* plaintiffs are members of the

5    putative class alleged in the *Rivera* Federal and State Actions.  *See* Bali Decl., Ex. A.  *Azzano* was

6    deemed "related" and transferred to the judge presiding over the *Rivera* State Action, who again

7    stayed the case.  Both the *Rivera* State Action and *Azzano* remain stayed.

8         Not long after their Illinois state court cases were stayed, AWCR filed the case at hand.

9    Like the *Rivera* Federal Action, the *Rivera* State Action, and *Azzano*, this case asserts the same

10   claims, based on the same facts, against the same defendant, and on behalf of the same putative

11   class.  *Id.*; *see also id.*, Ex. B (redline document comparing the consolidated complaint in the

12   *Rivera* Federal Action and the complaint in this case).  Specifically, Plaintiff alleges that

13   Defendant violated: (1) Section 14/15(b) of BIPA by collecting biometric identifiers and biometric

14   information from photos uploaded by him and by others without first providing notice and

15   obtaining consent and (2) Section 14/15(a) of BIPA by possessing biometric identifiers and

16   biometric information and by failing to publish a written policy for destroying such information.

17   *See* Class Action Complaint ("Compl.") ¶¶ 29–35, 47–55.  Based on these allegations, Plaintiff

18   seeks to represent a class of persons who had their "biometric identifiers" obtained by Defendant

19   from photographs uploaded within the state of Illinois.  *Id.* ¶ 36.

20        On June 18, 2020, Defendant filed a motion to dismiss, transfer, or stay the case based on

21   the first-to-file rule.  Notice of Motion and Motion to Dismiss, Transfer, or Alternatively Stay

22   ("Mot"), Dkt. 35.  Plaintiff filed its opposition on July 6, 2020.  Plaintiff's Opposition to Google's

23   Motion to Dismiss ("Opp."), Dkt. 39.  Thereafter, Defendant filed its reply on July 16, 2020.

24   Reply in Support of Google's Motion to Dismiss ("Reply"), Dkt. 45.

25   **II.     LEGAL STANDARD**

26        The first-to-file rule is a "generally recognized doctrine of federal comity which permits a

27   district court to decline jurisdiction over an action when a complaint involving the same parties

28   Case No.: 5:20-cv-00918-EJD
     ORDER GRANTING DEFENDANT'S MOTION TO STAY

United States District Court
Northern District of California

1   and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678

2   F.2d 93, 94–95 (9th Cir. 1982).  The rule is meant to "avoid placing an unnecessary burden on the

3   federal judiciary, and to avoid the embarrassment of conflicting judgments," and "should not be

4   disregarded lightly." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th

5   Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*,

6   836 F.3d 987 (9th Cir. 2016).  It provides that where substantially identical actions are proceeding

7   in different courts, the court of the later-filed action should defer to the jurisdiction of the court of

8   the first-filed action by either dismissing, staying, or transferring the later-filed suit." *SAES*

9   *Getters S.p.A. v. Aeronex, In.*, 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002).  The rule reflects the

10  common-sense proposition that "when two identical actions are filed in courts of concurrent

11  jurisdiction, the court which first acquired jurisdiction should try the lawsuit." *Pacesetter Sys.*,

12  678 F.2d at 95; *Halo Elecs., Inc. v. Bel Fuse Inc.*, 2008 WL 1991094, at *2 (N.D. Cal. May 5,

13  2008).

14      **III.    DISCUSSION**

15          **A. Applicability of the First-to-File Rules**

16          Courts consider three factors in determining whether the first-to-file rule applies: (1) the

17  chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues.  *See*

18  *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).  In this

19  case, the factors weigh in favor of applying the first-to-file rule.

20          First, Defendant correctly argues that the *Rivera* Federal (and State) actions were filed

21  before this matter.  MTD at 5–6.  Plaintiff filed the *Rivera* Federal Action in March 2016.  Four

22  years later, Plaintiff filed this action.  Hence, the Northern District of Illinois (and the Illinois state

23  courts) had this matter first.  *See Gens v. SEZ Am., Inc.*, 2007 WL 832050, at *4 (N.D. Cal. Mar.

24  19, 2007) ("Because [Plaintiff] brought his unfair competition claim in state court nine months

25  before he first asserted it here, this Court will apply the first-to-file rule").

26          Second, Defendant again correctly argues that parties are sufficiently identical in the

27  *Rivera* Federal Action and in this matter.  MTD at 7.  In each case, the defendant is Google and

28  Case No.: 5:20-cv-00918-EJD

*United States District Court*
*Northern District of California*

the putative classes are the same (which means the plaintiffs in each action are the same).  *See*

*Pedro v. Millennium Prods., Inc.*, 2016 WL 3029681, at *3 (N.D. Cal. May 27, 2016) ("[T]he

majority of district courts in the Ninth Circuit that have applied the first-to-file rule in the context

of a class action have compared the putative classes rather than the named plaintiffs."); *see also*

*Ford v. [24]7.ai, Inc.*, 2019 WL 570756, at *3 (N.D. Cal. Feb. 12, 2019) ("Courts in this district

generally evaluate this factor by comparing the proposed putative classes rather than the individual

class representatives."), *rev'd on other grounds by* 2020 WL 4013927 (9th Cir. July 16, 2020).

Here, the putative classes are identical: each includes people "who had their biometric identifiers,

including scans of face geometry, collected, captured, received, or otherwise obtained by Google

from photographs uploaded within the state of Illinois."  Compl. ¶ 36; *see also* Bali Decl., Ex. A.

Accordingly, the parties are sufficiently identical.

      Third, the issues to be decided are identical.  In both actions, members of the same putative

class are bringing the same BIPA claims, against the same defendant, based on the same facts,

seeking the same relief.  Bali Decl., Ex. A.  Thus, the issues presented in each action are similar.

### B. No Exceptions Apply to Remove this Matter from the First-to-File Rule

#### 1. Subject-Matter Jurisdiction

      Plaintiff argues that even while the above factors are met, the first-to-file rule is

inapplicable because courts in the Seventh Circuit (the place where the case was first-filed) lack

subject-matter jurisdiction over part of Plaintiff's claims as pled.  Opp. at 5–8.  In order to clarify

this argument, the Court briefly compares Seventh and Ninth Circuit BIPA law.

      In *Bryant v. Compass Group USA, Inc.*, the Seventh Circuit held that a plaintiff has

standing to bring a claim under § 15(b) of BIPA, but not under § 15(a) of BIPA.  958 F.3d 617

(7th Cir. 2020).  After taking the case *en banc*, the court clarified that its dismissal was "limited to

the theory [the plaintiff] invoked." *Id.* at 626.  Under *Bryant*, a plaintiff may have standing to

pursue a § 15(a) claim as long as they allege that the defendant (1) failed to publish a public

retention and deletion policy *and* (2) failed to comply with BIPA's "established retention schedule

and destruction guidelines." *Id.* (the plaintiff in *Bryant* [like Molander] alleged the first, but not

the second).  In contrast, the Ninth Circuit has held that violations of § 15(a) are sufficiently concrete to satisfy the injury in fact requirement and has found Article III standing on that basis. *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1274 (9th Cir. 2019).  Importantly, in *Patel*, the court did not address whether the injury was sufficiently particularized.  *Id.* at 1271 n.5; *see also Cothron v. White Castle Sys., Inc.*, 2020 WL 3250706, at *3 n.2 (N.D. Ill. June 16, 2020) ("In reaching [the conclusion that the plaintiffs alleged a concrete injury-in-fact], the court explicitly did not consider whether the injury was sufficiently particularized.").

"Although the first-to-file rule guides the district court's exercise of discretion in handling related cases, the requirements of [28 U.S.C.] § 1404(a) cabin the exercise of that discretion."  *In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018); *see also* 28 U.S.C. § 1404(a) ("[A] district court may transfer any civil action to any other district or division *where it might have been brought . . . .*" (emphasis added)).  Further, courts should not outright dismiss a second-filed action if jurisdictional uncertainty over the second-filed action exists.  *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628–29 (9th Cir. 1991).  In Plaintiff's view, because his § 15(a) claim (as plead) cannot be brought in the Seventh Circuit, the first-to-file rule is inapplicable.  Opp. at 7.

There is a problem with Plaintiff's argument.[2]  There is nothing preventing the *Rivera* plaintiffs from amending their § 15(a) claim to accord with *Bryant*.  Defendant has offered to stipulate to remand the *Rivera* appeal to allow Judge Chang to reconsider his ruling in light of the recent Seventh Circuit caselaw addressing standing under BIPA.  During this stipulated remand, the *Rivera* plaintiffs could amend their complaint.  Additionally, *Patel*'s scope is unclear—it is still possible that the Ninth Circuit could find, like the *Bryant* court, that § 15(a) violation based only on a company's failure to publish a deletion policy is too generalized an injury to confer standing.  *See Cothron*, 2020 WL 3250706, at *3 n.2.  Accordingly, the *potential* lack of subject-

---

[2] Defendant raises a second problem in its reply brief.  Defendant argues that *In re Bozic* does not require the other forum to have subject-matter jurisdiction.  Reply at 5; *but see Sporn v. TransUnion Interactive, Inc.*, 2019 WL 151575, at *6 (N.D. Cal. Jan. 10, 2019) ("The transferee court meets this requirement if: (1) it would have subject-matter jurisdiction; (2) defendants would be subject to personal jurisdiction; and (3) venue would be proper.").  The Court need not resolve this dispute and so it does not address Defendant's subject-matter jurisdiction argument.

1    matter jurisdiction does not present cause to avoid the first-to-file rule.

2        **2.   Applicability of the First-to-File Rule to Case on Appeal**

3        Plaintiff next argues that the first-to-file rule should not apply because the first-filed case

4    (the *Rivera* Federal Action) was dismissed.  Opp. at 8–9.  Courts often apply the first-to-file rule

5    where, as here, the first-filed case has been dismissed and is pending on appeal and the appeal may

6    resolve the very questions raised in the later-filed case (like whether BIPA applies to photos and

7    information derived from photos and whether Plaintiff has standing to sue).  *See, e.g.*, *Univ. of*

8    *Pittsburgh of Commonwealth Sys. of Higher Educ. v. Varian Med. Sys., Inc.*, 2008 WL 4279704,

9    at *3 (N.D. Cal. Sept. 16, 2008) ("If UPitt prevails on its appeal and the dismissal is reversed,

10   substantially identical claims will be pending simultaneously in the Northern District of California

11   and the Western District of Pennsylvania, with all the attendant risks of duplicative proceedings

12   and conflicting rulings.").

13       The cases cited by Plaintiff are unpersuasive; they bear little or no resemblance to this

14   case.  For instance, in *ASUSTeK Computer Inc. v. AFTG-TG LLC*, where this Court declined to

15   stay the case pending a related appeal, the first-filed action was dismissed just four months (on

16   personal jurisdiction grounds) after it was filed.  Staying the case did not serve the principles of

17   "judicial efficiency, judicial comity, and sound judicial administration" because the outcome of

18   the appeal, which addressed only the plaintiff's contacts with the forum, would have had little

19   impact on the latter-filed case.  2011 WL 6845791, at *2 (N.D. Cal. Dec. 29, 2011).  Here, in

20   contrast, failure to apply the first-to-file rule would squander the four years of earlier litigation and

21   would force this Court to duplicate Judge Chang's work, all while risking conflicting judgments.

22   The principles behind first-to-file thus counsel towards either dismissing, transferring, or staying

23   the case at hand.  *See Carrera v. First Am. Home Buyers Prot. Co.*, 2012 WL 13012698, at *3

24   (C.D. Cal. Jan. 24, 2012) ("[T]he same policy concerns for avoiding duplicative litigation and

25   comity exist when a similar matter is pending in a federal district court and a federal court of

26   appeals in a different circuit.").  It is thus of no consequence that the *Rivera* Federal Action is on

27   appeal.

28   Case No.: 5:20-cv-00918-EJD
     ORDER GRANTING DEFENDANT'S MOTION TO STAY

United States District Court
Northern District of California

### 3. Forum Selection Clause[3]

Finally, Plaintiff argues that Defendant's forum selection clause applies and prevents the Court from using the first-to-file rule. The Court disagrees. The cases on which Plaintiff relies are easily differentiated from the case at hand. Each case involved attempts by a party to circumvent a forum selection clause by filing first in another district. *See, e.g.*, *Universal Operations Risk Mgmt., LLC v. Glob. Rescue LLC*, 2012 WL 2792444, at *6 (N.D. Cal. July 9, 2012) (declining to apply first-to-file rule where the proponent of the rule brought the first-filed case in an improper jurisdiction because doing so "would encourage parties to rush to the courthouse to file lawsuits for the purpose of circumventing their agreed-upon promises" and "sanction forum shopping"); *see also E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 994 (9th Cir. 2006) (same). As noted, Defendant did not bring this action. Hence, this is not a situation where a party is attempting to avoid a forum-selection clause by first-filing an action in a "more favorable" district.

Moreover, unlike the cases on which Plaintiff relies, the first-filed case (*i.e.*, the *Rivera* Federal Action) has been extensively litigated. The very purposes behind the first-to-file rule are thus at their height. Accordingly, the forum selection clause does not prevent this Court from exercising its discretion to stay this case pursuant to the first-to-file rule.

### C. Staying the Case is the Appropriate Remedy

Dismissal is proper where the court of first filing provides adequate remedies. *Alltrade*, 946 F.2d at 627–28. If there are concerns regarding the availability of remedies in the court of first filing, or regarding its jurisdiction over claims which might implicate a statute of limitations if dismissed by that court, or if that court is preparing to transfer its matter to the court of second

---

[3] Plaintiff also accuses Defendant of "forum shopping" by trying to have this suit dismissed on first-to-file grounds. This is peculiar. Defendant did not file this second action and Defendant has already extensively litigated this action. It thus makes sense that Defendant wants to use the first-to-file rule to avoid duplicative litigation and potential incongruent outcomes, which could expose Defendant to increased liability. *See Cardoza v. T-Mobile USA Inc.*, 2009 WL 723843, at *3 (N.D. Cal. Mar. 18, 2009) ("T-Mobile is the defendant in both this action and [an earlier case], so the Court has trouble understanding how T-Mobile could be accused of forum shopping.").

United States District Court
Northern District of California

1  filing, then the court of second filing should consider a stay.  *Id.* at 627–29.  As noted, it could be

2  possible for Plaintiff to obtain standing on his § 15(a) claim in N.D. Illinois.  However, out of an

3  abundance of caution, the Court will **STAY** this action pending the resolution of the *Rivera*

4  Federal Action.  It seems likely that the results of the *Rivera* appeal and its resolution on remand

5  (either stipulated to or following appellate relief) will resolve many of the issues in this action.

6  Hence, in the interests of judicial comity, a stay is appropriate.

7  **IV.    CONCLUSION**

8       For the above reasons, the case is **STAYED** pending resolution of the *Rivera* Federal

9  Action.  The Parties shall file a joint statement **every six months** updating the Court on the

10  progress of the case.  The Clerk shall administratively close the file.

11  **IT IS SO ORDERED.**

12  Dated: July 22, 2020

13
                                                    _____
14                                                  EDWARD J. DAVILA
                                                    United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28  Case No.: 5:20-cv-00918-EJD
    ORDER GRANTING DEFENDANT'S MOTION TO STAY

United States District Court
Northern District of California